ALEXANDER W. DANNENBAUM, PROSECUTOR, v. BOARD OF ADJUSTMENT OF ATLANTIC CITY ET AL., DEFENDANTS.

Submitted October 3, 1939—Decided December 15, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Cassman & Gottlieb* (*Ellis L. Gottlieb*, of counsel).

For the defendants, *Samuel Backer* (*Bourgeois & Coulomb*, of counsel).

The opinion of the court was delivered by

PARKER, J. The writ brings up a resolution of the Board of Commissioners of Atlantic City, granting a variance from the zoning ordinance to the extent of permitting the Standard Oil Company of New Jersey to use as an automobile service and filling station a lot on the northeasterly corner of Ventnor and Harrisburg avenues in Atlantic City. Ventnor avenue is a main thoroughfare between Atlantic City on the East, and Ventnor and Longport on the west. Two blocks eastward of Harrisburg avenue, Albany avenue leads northward, crossing the "Inside Thoroughfare" and constituting a main highway to Pleasantville and points beyond. The Standard Oil Company does not own the property, but has leased it or proposes to lease it from the estate of Jeremiah H. Brode, and was authorized in writing by the executrix of that estate to make

the application for a variance. A similar application had been rejected just a year previously. The premises are in "Business Zone No. 2" and the ordinance forbids in that zone "(15) Motor vehicle service or gasoline filling station except as permitted by the Board of Adjustment." The property is not within one hundred and fifty feet of the zone limit, and consequently the procedure followed was that indicated in *R. S.* 40:55-39 (d). The Board of Adjustment, on appeal from the refusal of the building inspector, held a hearing, heard the testimony of witnesses, examined photographs and diagrams (which are not before us) and recommended the variance. The Board of Commissioners held its own hearing, considered the testimony and other evidence taken below, and adopted a resolution granting the variance and directing permit to issue accordingly.

We think there was no reasonable ground for granting the variance. Concededly, the particular district is well supplied already with gasoline and service facilities. The oil company which proposes to rent the property has a service station a very short distance away, though not on Ventnor avenue. The principal witness for the company testified that at Albany avenue, two squares east of the location in question, there are eight service stations, and as he testified, seventy-five pumps. The witness Bacharach testified to seventeen stations and itemized fifty-five pumps. For the applicant it was frankly stated as a reason for the variance, that his company enjoyed a considerable percentage of all the business in the state, and wished to be so located in this particular neighborhood as to keep up that percentage there. It was suggested that customers favoring its product were entitled to have a station at this point; but we do not observe that any witnesses testified to any imperative public demand for one brand of gasoline and oil rather than another. On the other hand, it was shown that the Atlantic City high school, with two thousand eight hundred pupils, is at Ventnor and Trenton avenues, one block away, and the Richmond avenue school at Ventnor and Windsor avenues, three blocks away. For the applicant the testimony was that "surrounding the proposed

location on Ventnor avenue there are quite a lot of thickly populated places of business and a very thickly populated residential area of frame type buildings and apartments."

By the language of the statute, a variance may be authorized beyond the one hundred and fifty foot limit, when recommended by the Board of Adjustment and on approval by the governing body, "where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship."

No such situation is here presented. The resolution of the Board of Adjustment and the resolution of the Board of Commissioners were, in our judgment, without legal support, and will be set aside, with costs.